UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RAMON MARTIN d/b/a MYRIAD ELITE                                    Plaintiff
NATIONAL FACILITY SERVICES

v.                                                    Civil Action No. 3:23-cv-527-RGJ

STATE NATIONAL INSURANCE                                           Defendant
COMPANY, INC.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on its own motion based on the Court's inherent power and duty to ensure that the requirements for subject matter jurisdiction are satisfied in all cases. On January 24, 2025, this Court entered a Deficiency Order ordering Plaintiff Ramon Martin ("Martin") and Defendant State National Insurance Company ("Defendant") to file a memorandum in support of diversity jurisdiction, and more specifically the amount in controversy, within seven days of the entry of the order which was January 24, 2025. [DE 23]. The deadline has passed and neither party has filed any memorandum in support of diversity jurisdiction.

As previously discussed, the Notice of Removal in the above-styled action states that subject matter jurisdiction before this Court rests on diversity of citizenship given that the Defendant, State National Insurance Company, Inc., is a citizen of Texas, and the Plaintiff, Ramon Martin, is a citizen of Kentucky. [DE 1 at 4]. Yet for diversity jurisdiction to be established under 28 U.S.C. § 1332, a threshold amount in controversy must also be met.

Nothing in Plaintiffs' Complaint indicates that the amount in controversy exceeds $75,000.00. This is understandable in light of Kentucky Rule of Civil Procedure 8.01 prohibiting *ad damnum* clauses which states:

> In any action for unliquidated damages the prayer for damages in any pleading shall not rectify any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . .

Kentucky Civil Rule 8.01(2). The Court has reviewed the Notice of Removal in this case and the Defendant generally states "[t]he amount in controversy is in excess of $75,000" because "Plaintiff seeks compensatory damages for property loss, lost potential business revenue, the Seasonal Increase Percentage of Business Personal Property of 25% above the value of the property, pre-judgment interest, post judgment interest, and court costs and fees." [DE 1 at 3].

After reviewing the nature of the claim asserted by Martin, the Court is not satisfied that the amount in controversy between the parties met the jurisdictional minimum at the time of removal. Martin made two claims for damages for property covered under his insurance policy. [DE 1 at 14]. His complaint states that Defendant partially covered one claim for $3,000 but failed to provide full benefits. [DE 1 at 14]. For one, Martin does not provide any amount of damages in his pleading, and although Martin provided a "Contents Worksheet" in discovery, the stolen property damages only account for $71,048. [*See* DE 1-1; DE 20-2]. More, in his own brief he admits that the Defendant has already covered around $14,295 before suit was filed. [DE 20-2; DE 21 at 387-88]. Thus, the amount in controversy only amounts to $56,753. Even accounting for the 25% seasonal increase that Martin requests, the amount in controversy would equal only $70,941.25. And although Martin claims that he "lost potential business revenue," he has not provided an estimate on how much he lost per day and admits in his brief that he subcontracted for some of the scheduled jobs. Thus, on the face of the pleadings, the amount in controversy threshold has not been met.

If there is nothing on the face of the pleadings from which a good faith amount in controversy may be determined, a district court may inquire whether the conditions of jurisdiction

are met. *See Davis v. Johnson*, 664 Fed. App'x 446, n.3 (6th Cir. 2016) (collecting cases) ("challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, neither party filed a memorandum supporting that the amount in controversy has been met. Thus, the Court is left with the information set forth above and cannot find by a preponderance of the evidence that the amount in controversy is satisfied.

For these reasons, the Court, being otherwise sufficiently advised, **ORDERS** that this action is remanded to Jefferson County Circuit Court.

February 3, 2025

Rebecca Grady Jennings, District Judge
United States District Court

Cc:   Jefferson Circuit Court, Case No. 23-CI-005305